UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/18

------------------------------------------------------------ x

TRISTEN SAUNDERS-HALL,                          :
                                                :
                    Plaintiff,                  :
                                                :
        -against-                               :       17-cv-1269 (PAC)
                                                :
PAUL SULLIVAN, ARMANDO RIVAS, and               :       **OPINION & ORDER**
YOEL HIDALGO,                                   :
                                                :
                    Defendant.                  :
------------------------------------------------------------ x

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Tristen Saunders-Hall claims under 42 U.S.C. § 1983 that NYPD officers Paul Sullivan, Armando Rivas, and Yoel Hidalgo falsely arrested and maliciously prosecuted him in violation of his Fourth Amendment rights. For the reasons that follow, Defendants' summary judgement motion is GRANTED.

## BACKGROUND

At or about 7:45PM on February 20, 2014, officers Armando Rivas and Michael Cassesi were on patrol in a marked police car when they were flagged down by an individual on Sedgwick Avenue in the vicinity of West 238th Street in the Bronx, New York. Defs.' 56.1 ¶¶ 3-4.[1] After Cassesi stopped the car, the individual, referred to only as "D.D.", told Rivas that he had just been attacked and robbed by two individuals. *Id.* ¶¶ 5, 7. According to Rivas, D.D. displayed visible signs of physical injury. *Id.* ¶ 8. D.D. directed Rivas's attention toward Plaintiff, who was walking away from D.D. and Rivas further down Sedgwick Avenue. Pointing at Plaintiff, D.D. told Rivas, "[h]e just robbed me." *Id.* ¶ 5.

---

[1] Plaintiff did not respond to Defendants' 56.1 statement as required by Local Rule 56.1. Instead, Plaintiff filed his own 56.1 statement. Plaintiff's 56.1 statement fails to controvert any of the Defendants' statements of fact. Accordingly, they are deemed admitted. *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003).

Upon receiving this information, Rivas approached Plaintiff, at which time Plaintiff stopped walking and removed his headphones from his ears. Pl.'s 56.1 ¶¶ 6, 8. Plaintiff fully complied with the officers' instructions. *Id.* ¶ 8. The officers searched him and found none of the items D.D. had told the officers he was robbed of, which were a "flip cell phone, his money, and . . . blue pills." *Id.* ¶¶ 5, 8. Nevertheless, D.D. positively identified Plaintiff as at least "one of the individual[s]" who attacked him. *Id.* ¶ 7.

Shortly thereafter, Detective Paul Sullivan arrived at the scene. *Id.* ¶ 9. Plaintiff was searched again, this time by Sullivan. *Id.* Sullivan did not find the cell phone, money or "blue pills" allegedly stolen from D.D. on Plaintiff's person. *Id.* Following Sullivan's arrival, Plaintiff requested that the officers "check the alleged robbed [sic] victim's blood alcohol content" because D.D. "seemed drunk." *Id.* ¶¶ 3, 7, 9. The officers declined to do so. *Id.* Sergeant Yoel Hidalgo arrived sometime later and approved Plaintiff's arrest. *Id.* ¶ 9. No arrest warrant was obtained by any of the defendant officers at the scene. *Id.* ¶ 10. Plaintiff was handcuffed and taken to the 50th Precinct in the Bronx, New York, where he was charged with Robbery in the Second Degree and Assault with Intent to Cause Physical Injury. *Id.* ¶ 9. The criminal complaint against Plaintiff was signed only by D.D. and it alleged that Plaintiff acted in concert with an unapprehended individual who had possession of the stolen items. Ex. C at D 012.

On March 10, 2014, Plaintiff was arraigned and indicted by a grand jury on the felony charges in the Bronx Supreme Court. Pl.'s 56.1 ¶ 11. Following the indictment, Plaintiff filed an omnibus motion to suppress all evidence in the matter and to inspect the grand jury minutes. *Id.* ¶ 13. The Bronx Supreme Court granted several suppression hearings, which were scheduled for February 26, 2015 but never took place. *Id.* ¶¶ 14-15. Prior to the scheduled date for the

hearings, the Bronx District Attorney declined to move forward with its case against Plaintiff. *Id.* ¶ 16. All charges against Plaintiff were dismissed on February 26, 2015. *Id.* ¶ 15.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court resolves all ambiguities and draws all factual inferences in favor of the nonmovant, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Thus, Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." *Conroy v. N.Y. State Dep't of Corr. Servs.*, 333 F.3d 88, 94 (2d Cir. 2003) (citation and alteration omitted). "Even where facts are disputed, the nonmoving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor." *Byrnie v. Town of Cromwell Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001), *superseded in part and on other grounds by* Fed. R. Civ. P. 37(e).

## ANALYSIS

**I.    Plaintiff's False Arrest Claim Pursuant to § 1983**

Plaintiff contends that Defendants are liable for false arrest pursuant to § 1983 because the Defendants lacked probable cause to arrest him for Robbery in the Second Degree and Assault with Intent to Cause Physical Injury. "A section 1983 claim for false arrest derives from the Fourth Amendment right to remain free from unreasonable seizures, which includes the right to remain free from arrest absent probable cause." *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006). In order for Plaintiff to establish a false arrest claim under § 1983, Plaintiff must show that: "(1) the defendant intentionally confined Plaintiff, (2) that Plaintiff was conscious of the confinement, (3) did not consent to it, and (4) that the confinement was not otherwise privileged." *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2005) (quoting *Broughton v. State*, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 94, 335 N.E.2d 310, 314 (1975)).

Defendants contend that they had probable cause to arrest Plaintiff, and so Plaintiff cannot establish the fourth element of a false arrest claim. Indeed, if the Defendants had probable cause to arrest Plaintiff, the confinement is privileged and is a complete defense to a false arrest claim. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996).

On summary judgment, probable cause may be determined as a matter of law "when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id.* When determining the existence of probable cause, courts are to "consider those facts available to the officer at the time of the arrest and immediately before it" and must decide whether probable cause exists based on "the totality of the circumstances." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006); *see also Maryland v.*

4

*Pringle*, 540 U.S. 366, 371 (2003) ("To determine whether an officer had probable cause to arrest an individual, [courts] examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause." (citation omitted)).

Defendants also have raised qualified immunity as a defense to Plaintiff's false arrest claim. Qualified immunity protects the discretionary functions of government employees where those functions "do not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). When qualified immunity is asserted as a defense to a § 1983 claim for false arrest, defendants need not demonstrate actual probable cause to arrest the Plaintiff. *Lee v. Sandberg*, 136 F.3d 94, 102 (2d Cir. 1997). Rather, the legal standard sufficient to defeat a false arrest claim brought under § 1983 is "arguable probable cause," which exists where "(a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id.*

Defendants argue that based on the circumstances surrounding the events of February 20, 2014, they had probable cause to arrest Plaintiff, and in the alternative, at least arguable probable cause. "It is well established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitnesses." *Wieder v. City of New York*, 569 App'x 28, 29 (2d Cir. 2014) (quoting *Panetta*, 460 F.3d at 395). Defendants point out that the victim identified Plaintiff "as his attacker as Plaintiff was down the block and walking swiftly away from the scene." Rivas Aff. ¶ 4. Additionally, Defendants point to the fact that D.D. again identified Plaintiff as one of his attackers shortly after Rivas initially stopped and searched Plaintiff. *Id.* ¶ 7. Moreover, when Rivas initially approached D.D., he

observed that D.D. had "visible injuries including bleeding on his face, and scrapes and bruising on his face and hands," lending more credibility to D.D.'s story. *Id.* ¶ 8.

In viewing the totality of the circumstances, the Court finds that Defendants had at least arguable probable cause to arrest Plaintiff and are therefore entitled to qualified immunity. Defendants relied on D.D.'s repeated identification of Plaintiff as his attacker, and it was objectively reasonable to do so, especially given D.D.'s visible injuries observed by Rivas. Plaintiff's assertion that D.D. "seemed drunk" is not only unsupported by evidence, but would also be insufficient to defeat summary judgment even if true. *See Curley*, 268 F.3d at 70. ("[I]ntoxication alone cannot cast doubt on [a victim's] story.") Additionally, the fact that none of the allegedly stolen items were found on Plaintiff's person can be explained by the possible existence of a second, unapprehended attacker. Because D.D. identified Plaintiff as just "one of the individual[s]" who attacked him, the officers could have reasonably believed that the unapprehended attacker was in possession of the stolen items, as D.D. later suggested in the criminal complaint.

In light of the statements D.D. made to Defendants, D.D.'s visible injuries observed by Officer Rivas, and Plaintiff's inability to show that Defendants' actions were unreasonable, the court finds that the Defendants had at least arguable probable cause to arrest Plaintiff and are therefore entitled to qualified immunity. Accordingly, Defendants are entitled to summary judgment on plaintiff's false arrest claim.

## II.     Plaintiff's Malicious Prosecution Claim Pursuant to § 1983

Plaintiff also brings a malicious prosecution claim under 42 U.S.C. § 1983. "In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment and establish the elements of a malicious

prosecution claim under state law." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). In

order to establish a claim of malicious prosecution under New York law, a plaintiff must prove:

"(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the

proceeding in plaintiff's favor; (3) lack of probable cause for commencing; and (4) actual malice

as motivation for defendant's actions." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997).

Plaintiff's claim fails at the first step, since Plaintiff has failed to provide any evidence

that the Defendants initiated the criminal proceedings against him. *See Fulton*, 289 F.3d at 195.

To satisfy the initiation element of a malicious prosecution claim, "it must be shown that

defendant played an active role in the prosecution, such as giving advice and encouragement or

importuning the authorities to act." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 217

(2d Cir. 2000).

There is a presumption that police officers do not initiate criminal proceedings because

prosecutors use their independent judgment in making such decisions. *See LaFontaine v. City of

N.Y.*, No. 08-CV-1555, 2009 U.S. Dist. Lexis 105838, at *22 (S.D.N.Y. Sep. 30, 2009).

Furthermore, without "an officer misleading prosecutors or continuing to be involved in the

criminal prosecution following the plaintiff's arrest and charge, once a prosecutor institutes

formal charges the link between the officer and the prosecution is severed and the officer may

not be held liable for malicious prosecution." *Townes v. City of New York*, 176 F.3d 138, 147

(2d Cir. 1999).

This is certainly correct here. None of the Defendants initiated the criminal prosecution.

Instead it was initiated by D.D., who signed the complaint as the sole victim. Since Plaintiff has

offered no evidence to rebut the presumption that the District Attorney's office acted

independently in initiating the criminal proceeding against him, Plaintiff cannot establish the

initiation element of a malicious prosecution claim. *See Fulton*, 289 F.3d at 195. Additionally, Plaintiff has offered no evidence that any of the Defendants were at all involved in the prosecution after he was arrested and charged. There is also no evidence to suggest that any of the Defendants misled the prosecutor in the criminal case against Plaintiff.

Therefore, Defendants are entitled to summary judgment on Plaintiff's malicious prosecution claim.

## **CONCLUSION**

For the reasons stated above, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

Dated:  New York, New York
      June 19, 2018

SO ORDERED

PAUL A. CROTTY
United States District Judge